UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X          <u>NOT FOR PUBLICATION</u>

JAGMOHAN SINGH,

                Plaintiff,

    -against-                                                                 <u>MEMORANDUM</u>
                                                  <u>AND ORDER</u>

LILOWTIE BALKARAN; INDROTTIE
SINGH; JOANNE RATTANSINGH; DIANE                 11-CV-2113 (JG) (RER)
BAHRENBURG; NICOLE BYFIELD,
GILBERT TAYLOR; MICHAEL
CARDOZO; JOHN B. MATTINGLY;
BISHUDAT JALKARAN,

                Defendants.
------------------------------------------------------X
JOHN GLEESON, United States District Judge:

          Plaintiff Jagmohan Singh, then incarcerated at the George M. Dotchan Center

("GMDC") on Rikers Island, filed this *pro se* action pursuant to federal and state laws, including

42 U.S.C. § 1983.  Singh filed the action in the United States District Court for the Southern

District of New York.  On April 25, 2011, the action was transferred to this Court.  I grant

plaintiff's request to proceed *in forma pauperis* for the purpose of this order and dismiss the

complaint with leave to replead within 30 days as set forth below.

BACKGROUND

         Singh alleges that his landlords Lilowtie Balkaran, Indrottie Singh and Bishudat

Jalkaran made false reports of "inappropriate sexual contact between Singh and his own step-

daughter" to the Police Department instead of evicting him from his residence.  Compl. at ¶¶ 6,

10.  Singh also alleges that defendants engaged in discriminatory housing practices.  *Id.* at ¶ 7.

Singh further alleges that Diane Bahrenburg, Nicole Byfield, Gilbert Taylor, Michael Cardozo, John B. Mattingly, Joanne Rattansingh "conducted investigations towards the plaintiff and or his family, same beginning October of 2010 and up to the filing of this complaint," which resulted in the filing of an abuse petition by the Administration for Children's Services ("ACS") on February 25, 2011.  *Id.* at ¶¶ 8, 12.  Finally, Singh alleges that "each defendant . . . entered [his home] without permission and authorization and stole personal effects and property belonging to the plaintiff."  *Id.* at ¶ 13.  He seeks damages.

## DISCUSSION

A.    *Standard of Review*

In reviewing the complaint, I am mindful that Singh is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks and ellipsis omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, a complaint filed *in forma pauperis* may be dismissed "at any time" upon determination that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Where a liberal reading of the pleading "gives any indication that a valid claim might be stated," I must grant leave to amend it at least once.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks omitted).

B.    *The Landlord Defendants*

The complaint is dismissed pursuant to 42 U.S.C. § 1915(e)(2)(B) as to the landlords (Lilowtie Balkaran, Indrottie Singh and Bishudat Jalkaran) for failure to state a claim. In order to maintain an action under § 1983, a plaintiff must allege two essential elements: First, that "the conduct complained of must have been committed by a person acting under color of state law," *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (also known as the "state action" requirement of § 1983), and second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. Here, plaintiff fails to satisfy the state action requirement as these individual defendants named are private parties. Private conduct, however "discriminatory or wrongful," is generally beyond the reach of § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (internal citations and quotation omitted); *Tancredi v. Metro. Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003).

However, the complaint suggests that Singh may be able to assert, *inter alia*, extortion-based claims pursuant to the Racketeer Influenced and Corrupt Organizations Act premised on allegations that the landlord defendants attempted to induce Singh to vacate his apartment by threatening to make and/or making false accusations that Singh was engaged in the sexual abuse of a child. Similarly, it suggests that the landlord defendants may have maliciously initiated the prosecution of Singh. Singh also asserts that the landlord defendants discriminated against him on the basis of "race, color, creed, nationality, religion, sexual preference, age or disabilities or the perception of such." However, the complaint is not sufficiently detailed to

inform the defendants of the conduct Singh complains about. *See Simmons v. Abruzzo*, 49 F.3d

83, 86 (2d Cir. 1995). In order to survive a motion to dismiss, the complaint must set out, as

precisely as possible, the dates and nature of the actions that Singh claims were taken against

him by the landlords in violation of RICO and of his civil rights. Sufficient detail must be

provided to allow the Court to determine whether it is plausible that the landlord defendants (1)

engaged in particular acts of extortion on at least two separate occasions; (2) initiated a

prosecution against Singh maliciously and without foundation, and (3) took specific unlawful

actions against Singh based on his race, religion, age or disabilities. The complaint does not

currently contain the necessary level of detail. Accordingly, Singh's claims against the landlord

defendants are dismissed without prejudice to replead within thirty days.

C.      *Supervisory Defendants*

        The complaint is also dismissed as to John B. Mattingly, the Commissioner for

ACS, Gilbert Taylor, the Deputy Commissioner, Family Court Legal Services for ACS, and

Michael Cardozo, the Corporation Counsel for the New York City Law Department. Singh does

not allege that these defendants had any personal or direct involvement in the purported

constitutional violations. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). To the extent the

complaint names these defendants in their roles as supervisors, it fails. "Because vicarious

liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution," *Ashcroft

v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009), and Singh has failed to do so here.

D.      *Remaining ACS Defendants*

Singh's complaint against JoAnne Rattansingh, Diane Bahrenburg, and Nicole Byfield, employees of ACS, is insufficient as presented.  Singh alleges that these defendants "conducted investigations towards the plaintiff and or his family . . . beginning October of 2010 and up to the filing of this complaint."  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 129 S.Ct. at 1949 .  "A pleading that offers 'labels and conclusions' . . . will not do.  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555, 557 (citation and brackets omitted)).  I dismiss the complaint against these defendants, but grant Singh leave to file an amended complaint against them, which must set out why the alleged investigations were wrongful and each defendant's direct or personal involvement in the alleged constitutional deprivation.  *Farrell*, 449 F.3d at 484.

CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim.  Any state law claims are dismissed without prejudice.  In light of Singh's *pro se* status, I grant him leave to file an amended complaint within 30 days from the entry of this order.  All proceedings shall be stayed for 30 days or until Singh files an amended complaint.  If

Singh elects to file an amended complaint, it should be captioned "AMENDED COMPLAINT" and bear the same docket number as this order, 11-CV-2113 (JG)(RER). The amended complaint shall replace the original complaint and shall be reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B). Singh is advised that an amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. It must contain a short, plain statement of each claim against each defendent and it must detail the factual basis for each claim, including the date(s) of all relevant events and a brief description of what each defendant named allegedly did or failed to do.

        If Singh fails to file an amended complaint within 30 days from the entry of this order, judgment shall enter dismissing the complaint for the reasons set forth herein. 28 U.S.C. § 1915(e)(2)(B). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

        I respectfully request the Clerk of Court to send a copy of this order to Singh's last known address and to Jagmohan Singh, Otero County Processing Center, 26 McGregor Range Road, Chaparral, NM 88081.

                            So ordered.


                            _____
                            JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
        October 4, 2011